# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

ANTHONY RUSH and
ERIKA RUSH,

    Plaintiffs,

v.                                                              Case No.  2:22-cv-2015-MSN-cgc

MINNESOTA SOYBEAN PROCESSORS,

    Defendant.

---

GEORGE MONSON,

    Plaintiff,

v.                                                             Case No.  2:22-cv-2016-MSN-cgc

MINNESOTA SOYBEAN PROCESSORS,

    Defendant.

---

## ORDER ADOPTING REPORT AND RECOMMENDATION

Before the Court is Magistrate Judge Claxton's Report and Recommendation ("Report") (Case No. 22-2015, ECF No. 83; Case No. 22-2016, ECF No. 83) for Plaintiffs' request for attorneys' fees in connection with Plaintiffs' Motion to Compel Discovery Responses (Case No. 22-2015, ECF No. 51; Case No. 22-2016, ECF No. 51).

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989));

see also *Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003).  For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Report was entered on May 15, 2023 and gave notice that the parties had 14 days to

file objections.  The Report further warned that failure to file objections within the 14 days may constitute a waiver of objections, exceptions, and any further appeal.  To date, neither party has filed objections and the time for doing so has expired.  The Court has reviewed the Report for clear error and finds none.  Accordingly, the Court **ADOPTS** the Report in its entirety and **ORDERS** that Plaintiffs are awarded attorneys' fees in the amount of $1,000; this is a <u>single</u> award for <u>both</u> motions to compel.  In other words, the $1,000 fee is awarded cumulatively, not per case or per motion, to Plaintiffs in Case No. 22-2015 and Plaintiff in Case No. 22-2016.  Defendant is **ORDERED** to make the $1,000 payment to Plaintiffs within thirty (30) days of the date of this Order.

    **IT IS SO ORDERED**, this 7th day of June, 2023.

                                             *s/ Mark S. Norris*
                                             MARK S. NORRIS
                                             UNITED STATES DISTRICT JUDGE